OPINION
Defendant-appellant Keith Johnson appeals the February 21, 2001 Judgment Entry of the Delaware County Court of Common Pleas which found him guilty of one count of driving under the influence of alcohol. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 4, 1998, Ronald Porter, a police officer with the City of Delaware, arrested appellant for operating a motor vehicle while driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Although not a part of our record, the parties represent appellant was only formally charged for driving under suspension and other traffic offenses at that time. Appellant plead guilty to driving under suspension and served a seven day jail sentence in the Delaware County Jail commencing November 20, 1998. After his release from the county jail, appellant served an additional thirty days of electronically monitored house arrest at his residence, 2664 Cranston Way, Columbus, Ohio.
On November 20, 1998, the Delaware County Grand Jury indicted appellant with one count of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a felony of the fourth degree. Appellant was charged with this felony due to prior convictions for operating a motor vehicle while under the influence of alcohol.
On November 20, 1998, appellee filed a form entitled "Prosecuting Attorney's Request for Issuance of Summons Upon Indictment." This form directed the clerk of courts to serve appellant at 2774 Grestoke Drive, Apt. E, in Columbus, Ohio. The record next contains documents apparently belonging to the file of Jeremy D. Bickerstaff. Apparently Mr. Bickerstaff's records were included in the record in error. However, Mr. Bickerstaff's records indicate the clerk was unable to serve Mr. Bickerstaff due to an incorrect address. There is no such document indicating failure of service due to an incorrect address for appellant.
Thereafter, on December 11, 1998, appellee requested an issuance of a warrant upon the indictment. On July 17, 2000, the warrant on indictment was filed with the clerk of courts indicating appellant had been served on July 14, 2000.
On August 23, 2000, appellee and appellant entered into a stipulation which provides:
 The State of Ohio and the Defendant hereby agree and stipulate that, in conformity with the provisions of section 2945.71(C) and (E) of the Ohio Revised Code, the trial of this case must be commenced no later than March 5, 2001.
The date March 5, 2001 was written in ink on a blank line. The stipulation was signed by the assistant prosecuting attorney; Attorney Keith A. Boger, appellant's trial counsel; and appellant.
On September 18, 2000, Attorney Boger filed a motion to withdraw as counsel for appellant. On September 19, 2000, Attorney Michael Siewert filed his notice of appearance.
On September 19, and 28, 2000, appellant's new attorney filed three separate motions to dismiss and two motions to suppress. In one of the motions to dismiss, appellant argued dismissal was required because his right to a speedy as provided in R.C. 2945.71 had been violated. The matter proceeded to an oral hearing on the motions on October 18, 2000. Although there is no judgment entry indicating a denial of the motions, the transcript of the proceedings indicates the trial court overruled appellant's motion to dismiss with the regard to the speedy trial.[1]
The transcript of the suppression hearing also indicates the trial court sustained appellant's motion to suppress relative to anything appellant may have said once he arrived at the city jail because appellant's request to speak to counsel before submitting to any tests had been denied.
The matter proceeded to trial on December 28, 2000. In a December 29, 2000 Judgment Entry the trial court memorialized the jury's finding of guilty and entered a conviction against appellant for one count of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1). In a February 21, 2001 Judgment Entry, the trial court sentenced appellant to sixty days in the county jail with work release.
It is from this judgment entry appellant prosecutes his appeal assigning the following as error:
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS THE INDICTMENT ON THE GROUNDS THAT APPELLANT'S RIGHT TO A SPEEDY TRIAL UNDER THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND R.C. [SIC] WAS VIOLATED.
 THE TRIAL COURT ERRED IN ADMITTING AT TRIAL APPELLANT'S STATEMENTS MADE WHILE HE WAS BEING BOOKED AFTER RULING IN A SUPPRESSION HEARING THAT SUCH STATEMENTS WOULD BE SUPPRESSED.
 I
In his first assignment of error, appellant maintains the trial court erred in denying his motion to dismiss the indictment because he had been denied a speedy trial in violation of the 6th and 14th Amendments to the United States Constitution and R.C. 2945.71. We disagree.
As noted in our Statement of Facts, supra, appellant, his attorney, and the prosecutor entered into a stipulation in which appellant agreed to permit the trial to proceed no later than March 5, 2001. The stipulation specifically provided the agreement was in conformity with the provisions of R.C. 2945.71(C) and (E). As noted above, the matter proceeded to trial on December 28, 2000. Because the trial was conducted within the time agreed upon by the parties, appellant's claim for a speedy trial violation is waived.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in admitting statements he made at the city jail after the trial court had suppressed such statements at the suppression hearing. We disagree.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court.[2] Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.[3]
At trial, a hearing was held outside the presence of the jury to review the actions of the trial court at the suppression hearing. The following exchange took place on the record:
 THE COURT: The record should reflect that the court has recessed the jury from the courtroom and they are in recess. Mr. Johnson, his counsel, both of the assistant prosecutors are present in open court.
* * *
 MS. HEMMETER: I think we are ready to proceed. Just to clarify, any statements made by the defendant after he was placed in the cruiser are out?
THE COURT: Amen.
 MS. HEMMETER: We still have his demeanor, what he did. There were no other tests.
 THE COURT: Right. Right no problem. Officer Porter would you resume the witness stand.
MR. SIEWERT: How would you prefer —
 MS. HEMMETER: I think the State would be able to ask if there were any tests of the officer. He can answer no, there were not, the defendant refused.
THE COURT: I don't have any problem with that.
 MS. HEMMETER: That's not a statement made by the defendant.
 THE COURT: It is not a statement he refused. You can argue that with the Fifth District Court of Appeals, that's fine with me. Bring the jury in.
(Thereupon the jury enters the jury box)
* * *
BY MS. GRETZ:
 Q. While at the Delaware Police Department, did you perform any types of tests?
A. No, ma'am.
Q. Why is that?
MR. SIEWERT: Objection.
THE COURT: Overruled.
 OFFICER PORTER: Because Mr. Johnson refused any tests.[4]
At trial, Officer Porter testified he did not perform any tests at the police department because appellant refused. The fact appellant refused to take the test is an action as opposed to a statement appellant may have made during the booking procedure. Accordingly, the evidence admitted by the trial court was not inconsistent with its ruling regarding the suppression of appellant's statements. For this reason, we find no abuse of discretion in the trial court's admission of Officer Porter's testimony with regard to appellant's refusal to perform any tests.
Appellant's second assignment of error is overruled.
The February 21, 2001 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the February 21, 2001 Judgment Entry of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. William B. Hoffman, J. concur.
[1] Tr. of Suppression Hearing at 11.
[2] State v. Sage (1987), 31 Ohio St.3d 173.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[4] Tr. at 135-138.